# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ADVANCED DERMATOLOGY, on behalf of itself and all those similarly situated, | Case No.: 5:19-cv-01828-JRA |
| Plaintiff, | Judge: John R. Adams |
| vs. | Magistrate Judge: Kathleen B. Burke |
| FIELDWORK, INC., | |
| Defendant. | |

## DEFENDANT'S MOTION TO DISMISS NON-OHIO CLASS CLAIMS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendant Fieldwork, Inc., pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404(a), hereby moves to dismiss the claims of putative class members who did not receive any alleged facsimiles at issue in the state of Ohio for lack of personal jurisdiction, or, in the alternative, to transfer this action to the U.S. District Court for the Northern District of Illinois, Eastern Division, for the reasons set forth in the accompanying Memorandum.

Respectfully submitted,

*/s/ Gregory D. Brunton*
Gregory D. Brunton    (0061722)
Joseph K Merical    (0098263)
**GORDON & REES LLP**
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558
F: (614) 360-2130
grbrunton@grsm.com
jmerical@grsm.com

*Attorney for Defendant Fieldwork, Inc.*

**MEMORANDUM IN SUPPORT**

Plaintiff seeks to bring a nationwide class action under the Telephone Consumer Protection Act (TCPA) against Defendant Fieldwork, Inc., a foreign corporation, based on a single facsimile sent to Plaintiff's office in Ohio. With the exception of this one fax message, there are no allegations that Fieldwork has any connection or presence in Ohio. Exercising jurisdiction over any claims arising out of faxes sent outside of Ohio would violate due process and run contrary to Ohio's long-arm statute. Accordingly, the Court should dismiss the purported non-Ohio class claims for lack of personal jurisdiction. Alternatively, the Court should transfer this action to the U.S. District Court for the Northern District of Illinois, Eastern Division, which would have general jurisdiction over Plaintiff's proposed nationwide class.

**I.    Statement of Facts**

Defendant Fieldwork, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. (*See* Compl. [ECF No. 1], ¶ 3; Ex. A, Ill. Sec'y of State Record for Fieldwork.) Plaintiff Advanced Dermatology, an Ohio business, alleges that it received a single unsolicited commercial facsimile from Fieldwork in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. (Compl. ¶¶ 2, 8–16 & Compl. Ex. 1.) Plaintiff seeks relief both individually and on behalf of a nationwide class of similarly situated individuals and businesses. (Compl. ¶¶ 18, 36–39.)

**II.   Procedural History**

Plaintiff commenced this action by filing its Complaint in this Court on August 12, 2019. The Complaint seeks individual and class action relief for violations of the TCPA, pursuant to 47 U.S.C. § 227(b)(3).

**III. Law and Argument**

    **A. The Court Should Dismiss the Putative Class Claims Arising out of Facsimiles Not Sent to Ohio Businesses or Residents for Lack of Personal Jurisdiction.**

        **1. Personal Jurisdiction Standards**

Federal Rule of Civil Procedure 12(b)(2) allows a court to dismiss an action for lack of personal jurisdiction. Plaintiff bears the burden of establishing personal jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). "Where, as here, subject-matter jurisdiction is based on federal question alone, but 'there is no provision authorizing nationwide service, federal courts must follow Rule 4(k) of the Federal Rules of Civil Procedure, which, inter alia, limits a court's exercise of personal jurisdiction to persons who can be reached by the forum state's long-arm statute.'" *Rafferty v. Denny's, Inc.*, No. 5:18-cv-2409, 2019 U.S. Dist. LEXIS 112727, at *5 (N.D. Ohio July 8, 2019) (quoting *Alisoglu v. Cent. States Thermo King of Okla., Inc.*, No. 12-cv-10230, 2012 U.S. Dist. LEXIS 66246 (E.D. Mich. May 11, 2012)); *see also, e.g.*, *Weiss v. Grand Campus Living, Inc.*, No. 1:18-cv-00434-JRS-TAB, 2019 U.S. Dist. LEXIS 41041, at *4 (S.D. Ind. Mar. 14, 2019) ("The TCPA does not authorize nationwide service of process in private actions, *see* 47 U.S.C. § 227(b)(3), so state law governs personal jurisdiction … ."). Thus, to establish personal jurisdiction, Plaintiff must show that: (1) Fieldwork is amenable to suit under Ohio's long-arm statute, R.C. 2307.382, **and** (2) the due process requirements of the U.S. Constitution are met. *See, e.g.*, *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).

The Ohio long-arm statute provides:

A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1)    Transacting any business in this state;

(2)    Contracting to supply services or goods in this state;

(3)    Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity.

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

R.C. 2307.382. "If the Court finds that personal jurisdiction is lacking under Ohio's long-arm statute, it need not consider whether the exercise of jurisdiction would comport with due process." *Nyce v. Jones*, No. 2:19-cv-13, 2019 U.S. Dist. LEXIS 97898, at *14–15 (S.D. Ohio June 11, 2019).

With respect to the due-process inquiry, "Ohio law does not appear to recognize general jurisdiction over non-resident defendants, but instead requires that the court find specific jurisdiction under one of the bases of jurisdiction listed in Ohio's long-arm statute." *Conn v. Zakharov*, 667 F.3d 705, 717 (6th Cir. 2012). To establish specific jurisdiction over a defendant, a plaintiff must plead and prove three elements:

First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough

3

connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* at 713 (quoting *Bird*, 289 F.3d at 874). Where there is no connection between the forum and the underlying controversy, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Court*, ___ U.S. ___, 137 S. Ct. 1773, 1781 (2017).

### 2. The Court lacks personal jurisdiction over non-Ohio class claims, because these claims are unrelated to the forum state and general jurisdiction does not exist in Ohio.

Plaintiff purports to bring TCPA claims on behalf of a class of similarly situated individuals and businesses throughout the United States. However, with the exception of putative class members who received facsimiles in Ohio, personal jurisdiction is lacking because there is no connection between these claims and the forum state.

Class actions are subject to the same personal jurisdiction analysis as individual actions. *See, e.g.*, *Rafferty*, 2019 U.S. Dist. LEXIS 112727, at *14–15 (applying personal jurisdiction analysis to proposed nationwide class action). Because due process requires a connection between the forum state and the plaintiff's claims, nationwide class actions are only appropriate where the defendant is subject to general jurisdiction. *See, e.g.*, *id.* at *14 (noting that due process requirements "bar nationwide class actions in fora where the defendant is not subject to general jurisdiction" (quoting *Mussat v. IQVIA Inc.*, No. 17 C 8841, 2018 U.S. Dist. LEXIS 183549, 2018 WL 5311903, at *5 (N.D. Ill. Oct. 26, 2018))).

Ohio's long-arm statute does not recognize the concept of general jurisdiction over non-resident defendants such as Fieldwork. *See, e.g.*, *Mumaw v. Thistledown Racetrack LLC*, No. 1:13CV1048, 2015 U.S. Dist. LEXIS 122672, at *11–12 (N.D. Ohio Sept. 15, 2015) ("Ohio law does not recognize general jurisdiction over non-resident defendants, and instead requires that the

4

court finds specific jurisdiction under Ohio's long-arm statute."); *Rafferty*, 2019 U.S. Dist. LEXIS 112727, at *16 ("All of the enumerated acts [in the long-arm statute] require some connection to the state of Ohio."). This restriction precludes personal jurisdiction over any non-Ohio class claims. Whether analyzed under specific jurisdiction or the long-arm statute, the Court lacks personal jurisdiction with respect to putative class claims arising out of faxes sent to businesses or individuals outside of Ohio. Ohio simply has no relevant relationship to communications sent by an Illinois-based corporation to businesses or residents in states other than Ohio. *See Rafferty*, 2019 U.S. Dist. LEXIS 112727, at *14–16 (finding no personal jurisdiction under specific jurisdiction or long-arm statute over putative class claims of non-Ohio residents).

Even if Ohio law allowed for the exercise of general jurisdiction, such jurisdiction is lacking here. "General jurisdiction exists over a foreign corporation when its contacts with the forum state 'are so continuous and systematic as to render it essentially at home in the forum state.'" *Rafferty*, 2019 U.S. Dist. LEXIS 112727, at *7 (quoting *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 849 (N.D. Ohio 2018)). Fieldwork is a Delaware corporation with its principal place of business in Illinois. There are no allegations that Fieldwork has continuous or systematic contacts with Ohio such that it is "at home" here. The only activity Fieldwork allegedly directed to Ohio was sending a single fax to Plaintiff. That is a far cry from the continuous and systematic contacts necessary to establish general jurisdiction.

Accordingly, the Court lacks personal jurisdiction over putative class claims arising from facsimiles sent to recipients outside of Ohio, and the Court should dismiss these non-Ohio class claims pursuant to Rule 12(b)(2). *See Rafferty*, 2019 U.S. Dist. LEXIS 112727, at *16 (dismissing non-Ohio class claims for lack of personal jurisdiction).

### B. Alternatively, the Court Should Transfer This Action in Its Entirety to the U.S. District Court for the Northern District of Illinois Pursuant to 28 U.S.C. § 1404(a).

#### 1. Standards for Transfer Pursuant to 28 U.S.C. § 1404(a).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "It has been established that '[w]hen considering whether a change of venue is warranted [under § 1404(a)], the district court must weigh case-specific factors, public-interest factors and private concerns.'" *Krawec v. Allegany Co-op Ins. Co.*, No. 1:08-CV-2124, 2009 U.S. Dist. LEXIS 57792, at *14 (N.D. Ohio July 7, 2009) (quoting *Sirak v. J.P. Morgan Chase & Co.*, No. 5:08-CV-169, 2008 U.S. Dist. LEXIS 94328, at *3 (N.D. Ohio Nov. 5, 2008)) (alterations in original); *see also Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) ("[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988))).

Relevant case-specific factors include: "(1) the nature of the suit; (2) the place of events involved; (3) relative ease of access to sources of proof; (4) nature and materiality of testimony to be elicited from witnesses who must be transported; and (5) residences of parties." *Sirak v. J.P. Morgan Chase & Co.*, No. 5:08-CV-169, 2008 U.S. Dist. LEXIS 94328, at *4 (N.D. Ohio Nov. 5, 2008) (citing *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039 (S.D. Ohio 2002)). Relevant private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the cost for obtaining attendance of willing witnesses; (4) the possibility of inspecting the premises, if

appropriate; and (5) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Public interest factors include "the pendency of related litigation in another district, judicial economy, … and the need to promote the fair and consistent resolution of related cases." *Stewart v. Chesapeake Exploration, LLC*, No. 2:12-CV-270, 2012 U.S. Dist. LEXIS 107865, at *10 (S.D. Ohio Aug. 2, 2012) (citing *Ltd. Serv. Corp. v. M/V APL PERU*, No. 2:09-cv-1025, 2010 U.S. Dist. LEXIS 53632, 2010 WL 2105362, at *5 (S.D. Ohio May 25, 2010)). "[N]o one factor is dispositive; rather, transfer is appropriate if the balance of these factors 'strongly' favors trying the case in the transferee district." *Krawec*, 2009 U.S. Dist. LEXIS 57792, at *16 (citing *Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 573 (N.D. Ohio 1998)).

### 2. In the event the Court declines to dismiss the non-Ohio class claims, transfer to the U.S. District Court for the Northern District of Illinois.

In the event the Court declines, at this stage, to dismiss the putative non-Ohio class claims for lack of personal jurisdiction, the Court should transfer this action in its entirety to the U.S. District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a). As an initial matter, there is no question that this action could have been originally brought in the Eastern Division of the Northern District of Illinois. Venue over Plaintiff's claims is appropriate, among other places, in any district in which Fieldwork resides. 28 U.S.C. § 1391(b)(1). As a corporation, Fieldwork "resides" wherever it is subject to personal jurisdiction. *See id.* § 1391(c)(c). Fieldwork is subject to general jurisdiction in the Northern District of Illinois, Eastern Division, which encompasses Fieldwork's principal place of business in Chicago, meaning venue would be appropriate there.

Case-specific, private, and public factors all weigh in favor of transferring this action. Most of the relevant witnesses, including Fieldwork's employees and corporate representative, reside in

Illinois, and much of the evidence at issue in this case is located there. Further, as set forth above, if this action remains in Ohio, the Court would lack personal jurisdiction over non-Ohio class claims, while the transferee court would have jurisdiction over the entire putative nationwide class, thereby better protecting the potential interests of non-Ohio class members.

Transfer would also promote judicial economy and fairness. Without transfer, this action would be limited to Ohio-specific class claims, leading to a risk of similar piecemeal class litigation in other states and possibly inconsistent results across districts. Transfer would allow a single court to decide nationwide class issues. Further, transfer is especially appropriate on public interest grounds, because a similar putative class action against Fieldwork is already pending in the Northern District of Illinois. (*See* Ex. B, Compl., *Dixie Plumbing Specialties, Inc. v. Fieldwork Chicago-Schaumburg, Inc.*, No. 1:19-cv-05821 (N.D. Ill. Aug. 29, 2019)). Transfer would therefore allow the same court and same judge to consider both actions, decreasing the risk of inconsistent rulings on class-wide issues such as certification, liability, and damages.

The minimal inconvenience to Plaintiff or its counsel is outweighed by consideration of these other factors. Any potential evidence and testimony specific to Plaintiff would be limited, as the only relevant conduct that Plaintiff's employees would have witnessed is the receipt of a single facsimile. Instead, assuming Plaintiff's proposed class is certified, trial would most likely focus on Fieldwork's conduct with respect to the class as a whole, which would have originated out of Illinois. Plaintiff's counsel, to the extent not already licensed to appear in the Northern District of Illinois, can seek admission *pro hac vice* in accordance with local rules. *See* N.D. Ill. L.R. 83.14, .15. This action only implicates federal substantive law, and transfer would not impair any substantive rights.

Finally, Plaintiff's choice of an Ohio forum is entitled to little deference. On a motion to transfer pursuant to § 1404(a), "[t]he Plaintiff's choice of forum … 'is not of paramount importance; it is instead one factor to be weighed equally with other relevant factors.'" *Krawec*, 2009 U.S. Dist. LEXIS 57792, at \*15–16 (quoting *Donia v. Sears Holding Corp.*, 2008 U.S. Dist. LEXIS 43532, at \*4 n.2 (N.D. Ohio May 30, 2008)). "When the plaintiff seeks to certify a nationwide class, 'deference afforded plaintiffs' chosen forum is "considerably weakened" … .'" *Jewell v. Aaron's, Inc.*, No. 1:11-cv-02314-DCN, 2012 U.S. Dist. LEXIS 22315, at \*10 (N.D. Ohio Feb. 21, 2012) (quoting *Donia v. Sears Holding Corp.*, 2008 U.S. Dist. LEXIS 43532, at \*3 (N.D. Ohio May 30, 2008)). Accordingly, even if the Plaintiff's initial choice of an Ohio forum weighs against transfer, this consideration does not outweigh the numerous factors in favor of transfer.

Accordingly, as an alternative to dismissing the non-Ohio class claims for lack of personal jurisdiction, the Court, pursuant to 28 U.S.C. § 1404(a), should transfer this entire action to the U.S. District Court for the Northern District of Illinois, Eastern Division.

**IV. Conclusion**

For the reasons stated above, the Court should grant Defendant Fieldwork, Inc.'s Motion and dismiss all class claims arising out of alleged facsimiles sent to or received by businesses or individuals outside of Ohio. Alternatively, the Court should transfer this action, in its entirety, to the U.S. District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

*/s/ Gregory D. Brunton*
Gregory D. Brunton    (0061722)
Joseph K Merical      (0098263)
**GORDON & REES LLP**
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558
F: (614) 360-2130
grbrunton@grsm.com
jmerical@grsm.com

*Attorney for Defendant Fieldwork, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed with the Court's electronic filing system on this 10th day of October 2019, which will send notice of this filing to all parties that have entered an appearance in this matter.

/s/ *Gregory D. Brunton*
Gregory D. Brunton (061722)